IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY PONTON, | ) |
|             Plaintiff, | ) Civil Action No. 02 - 138J |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| JOAN BAILEY, et al, | ) Doc. Nos. 85, 86 |
|            Defendants. | ) |

## ORDER

Pending before the court is a Motion for Judgment of Non Pros filed by Defendants. The basis for the motion is the fact that Plaintiff, Troy Ponton, did not appear for the scheduled trial of this matter on March 5, 2007. The reason Mr. Ponton did not appear is that he was, and remains, incarcerated as a pre-trial detainee is Philadelphia County. The Court was advised of this by Plaintiff's counsel and, pursuant to motion, issued a writ to the warden of the jail in which Plaintiff is housed, however, the warden chose to ignore that writ. Defendant's ask that the remedy be to dismiss Plaintiff's action.

This action was transferred to this district from the Middle District of Pennsylvania on May 9, 2002. During the course of the litigation, Defendants filed numerous motions to extend discovery and then filed a summary judgment motion after pre-trial statements had already been filed. That motion was denied and the case transferred to the undersigned for trial, due to the heavy caseload of the district judge and part-time magistrate judge to whom it was previously assigned. Five years after filing, the case is now postured for trial. Plaintiff has been ready and willing to proceed

to trial for years and this Court believes that it would be a great injustice to dismiss his case at this late date, due, in part, to circumstances beyond his control.[1]

As Defendant's basically admit, pretrial detainees retain the same rights afforded ordinary citizens. *See* Bell v. Wolfish, 441 U.S. 520 (1979). That would include the right to access to the courts. If Plaintiff simply did not show for a scheduled court date, with full knowledge thereof, that might present a different situation. However, that is not the situation here. He advised his counsel that he was incarcerated and counsel promptly notified the court and defense counsel and filed the appropriate Petition for Writ. As Plaintiff stated in its response to the present motion, "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d. Cir. 1982).

Plaintiff, in his response, asks not only that the Motion for Judgment of Non Pros be denied, but also that sanctions be imposed against Defendants' attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court finds no basis for the imposition of Rule 11 sanctions. Therefore,

**IT IS ORDERED** this 15th day of March, 2007, that the Defendants' Motion for Judgment of Non Pros is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Sanctions is also **DENIED**.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:   All counsel of record.

---

[1] That being the refusal of the warden to abide by a court ordered writ.